STATE OF OREGON,
*Respondent,*

*v.*

AURELIO ROMERO, III,
*Appellant.*

(C91-1676CR; CA A73862)

854 P2d 1001

Louis R. Miles, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

**ROSSMAN, P. J.**

Defendant appeals from his conviction for perjury, ORS 162.065(1), assigning error to the denial of his motion for judgment of acquittal. He argues that there was insufficient evidence to prove that his false statements were made with regard to a material issue. We affirm.

Defendant falsely stated his name and birth date on an affidavit of indigency and request for counsel form, which he swore was true and correct to the best of his knowledge. ORS 162.065(1) provides:

> "A person commits the crime of perjury if the person makes a false sworn statement in regard to a material issue, knowing it to be false."

ORS 162.055(2) defines "material," for purposes of perjury, as

> "that which could have affected the course or outcome of any proceeding or transaction. Whether a false statement is 'material' in a given factual situation is a question of law."

Defendant concedes that he knowingly made a false sworn statement, but argues that the trial court nevertheless should have granted his motion for judgment of acquittal. He argues that there was insufficient evidence that his false statements were material, because the court did not find that there would have been a different outcome, *i.e.*, that an attorney would not have been appointed, if he had furnished the correct information.

Defendant misunderstands the law. ORS 162.055(2) does not require that the false statements actually affect a proceeding or transaction in order for the statements to be material; it is enough that the statements *could* have affected its course or outcome. A state "verification specialist," who verifies affidavits of indigency, testified that it is extremely important that a defendant provide the correct name and date of birth on an affidavit of indigency, because false information could prevent accurate verification of a defendant's actual status and eligibility for appointed counsel. There was sufficient evidence that defendant's false statements could have affected the determination of his eligibility for appointed counsel, and were, therefore, material. The trial court did not

err in refusing to grant defendant's motion for judgment of acquittal. Defendant's other arguments are without merit.

Affirmed.